**STATE of Missouri, Respondent,**

v.

**R.J. PERKINS, Appellant.**

**No. 48592.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 26, 1985.

Winston V. Buford, Eminence, for appellant.

David R. Orzel, Asst. Pros. Atty., Farmington, for respondent.

CLEMENS, Senior Judge.

This appeal challenges evidence of truck speed shown by an electronic radar detector.

Defendant appeals from a jury-waived trial and judgment. The state had charged speeding on a public highway. § 314.010 RSMo. Defendant offered no evidence.

The state's evidence was by a highway patrolman. He had said in a deposition he saw defendant driving fast toward him and then turned on his radar unit. It showed defendant's speed was 69 m.p.h. The unit had been regularly tested and found accurate by the state's radar expert.

Defendant contends the patrolman had not turned on his radar detector until five seconds after first seeing defendant's approaching truck; if so, by then defendant would have passed out of the radar's range. In this defendant relies on the officer's deposition statement and ignores his trial testimony.

At the deposition on cross-examination, in response to leading questions, the officer had said after he first saw defendant's truck it could have been approximately five seconds until he activated the radar. Responding to the mention of this, at trial the patrolman explained that since giving his deposition he had checked on the time and found that it did not take five seconds to activate his radar.

The trial evidence refuted defendant's contention: The officer said it took less than a second to activate the radar and he did so when defendant was coming toward him about 100 yards away and "the radar unit indicated the target speed of sixty-nine miles an hour..." That was the critical fact here.

The trial court accepted this explanation and found defendant had been driving at an unlawful speed. As held in *State v. Cole*, 662 S.W.2d 297[1] (Mo.App.1983) on appeal we are bound to consider the favorable state's evidence as true and disregard evidence and inferences to the contrary. So considered, we deny defendant's argument.

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.